IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                            CASE NO. 17-3221-SAC

**STATE OF KANSAS,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Coty Maier, a prisoner housed at the Larned State Hospital in Larned, Kansas, filed this action *pro se*. The Court will provisionally grant Plaintiff in forma pauperis status for purposes of screening Plaintiff's complaint.

### I. Nature of the Matter before the Court

Plaintiff refers to this action as a "Petition" and a "Common Law Tort." His pleading, which is largely incomprehensible, alleges that "[t]his action comes before the court as a tort in special appearance under common law jurisdiction for deprivation of rights under the color of law and breach of contract . . . in full compliance and accordance with the Miranda warning/statute staple securities instrument, legal notice and demand, and common law trademark violation, fraud, perjury and treason." (Doc. 1, at 1.) His allegations suggest that he has sent the State of Kansas and other defendants a "legal notice and demand" and a "common law copyright notice" that entitles him to monetary damages each time his name is used in a motion, docket, record, file, letter or computer database. Plaintiff seeks damages of $100,000,000.00 in silver coin. Plaintiff also filed a request for service of summons (Doc. 4).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's complaint is frivolous, fails to state a claim, and names improper defendants. Even liberally construing the complaint (which is not on a Court-approved form and much of

which is incomprehensible), the Court finds no meritorious claims. The Court finds that this action must be dismissed because Plaintiff has raised claims that are legally frivolous or malicious, or that fail to state a claim upon which relief may be granted. Accordingly, Plaintiff's request for service of summons is denied.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's request for service of summons (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed** as frivolous, malicious and for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2018, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**